Dear Ms. Grace-O'Bear:
This office is in receipt of your request for an Opinion from the Attorney General. You requested an opinion concerning the following issues: (i) the date upon which Ms. Kimberly Walker, a former Town of Lutcher employee, was terminated from her (mayoral-appointed) position as Lutcher's clerk; and (ii) the "legality" of providing Ms. Walker health benefits through the end of January, 2007, considering her employment was terminated prior to the end of January, 2007. Your concerns and the Attorney General's responses to those concerns are presented as follows.
First, we must caution against your use of the term "termination" and the verb "terminated" when characterizing Ms. Walker's departure from her position as Lutcher's clerk. We caution you so because "termination" and "terminated" tend to suggest her departure occurred as the result of her being fired by Mayor Scott as opposed to her departure being the result of a natural occurrence. The following will explain our position.
Upon what date did Ms. Kimberly Walker cease being Lutcher's clerk?
As described by you, Ms. Walker previously served as Lutcher's clerk. Lutcher's clerk is a mayoral appointment subject to approval by Lutcher's board of aldermen.[1] On December 28, 2006, Lutcher's new mayor, Rowdy Scott, Jr., was sworn into office. At that moment in time, Ms. Walker was out on medical leave/maternity leave although by then, she had exhausted all of leave. On January 2, 2007, newly-elected Mayor Scott *Page 2 
held his first regularly-scheduled meeting with Lutcher's board of aldermen and during said meeting, Mayor Scott appointed a new clerk.
The aforementioned sequence of events appears to comply with LA.REV.STAT. § 33:386, which pertinently provides:
 A. At the first regular meeting of the board of aldermen succeeding each regular municipal election, the mayor, subject to confirmation by the board of aldermen, shall appoint a clerk, tax collector, except as provided for in R.S. 33:381(D), and all other necessary officers whose election is not provided for in R.S. 33:381. In the event of a vacancy, the mayor, subject to confirmation by the board of aldermen, shall appoint a successor to any such office. In making or approving such appointments and in filling vacancies, the mayor and board of aldermen shall give preference to residents of the municipality if all other considerations are equal.
 B. The clerk and tax collector shall execute bonds to the municipality in such amounts and with such surety and conditions as may be prescribed by ordinance and shall hold their offices until their successors are appointed and qualified.
 **********
 D. The term of the clerk, tax collector, nonelected chief of police, street commissioner, municipal attorney, and court magistrate shall end at the time of the first regular meeting of the board of aldermen succeeding each regular municipal election.[2]
So it would appear as though Ms. Walker's term in office as Lutcher's clerk naturally came to an end on January 2, 2007, when the board of aldermen held their first regular meeting on that date. And, as you described, she was not subsequently reappointed as Mayor Scott appointed someone else.
Consequently, it is our position that Ms. Walker's term in office as Lutcher's clerk ended on January 2, 2007. And we do not believe Ms. Walker is entitled to the two (2) week severance pay suggested by her and described in your request. *Page 3 
Whether it is legally permissible for Lutcher to provide Ms. Walkerwith health benefits through the end of January, 2007, given that sheceased being Lutcher's clerk on January 2, 2007?
Generally, an individual occupying an appointed position within the construct of a municipal government is entitled to receive monetary compensation and benefits for the duration of his or her term in office. That compensation and those benefits begin upon the commencement of individual's term in office and end upon the conclusion of said term of office. And to increase the duration of such compensation and benefits may violate state law in that it would inure a benefit to an undeserving individual.
Additionally, LA.REV.STAT. § 33:404.1 concerns the compensation paid to municipal officers and pertinently provides:
 The board of aldermen shall by ordinance fix the compensation of the mayor, aldermen, clerk, chief of police, and all other municipal officers. The board of aldermen may by ordinance increase or decrease their compensation and the compensation of any nonelected municipal officer and may increase the compensation of other elected officials. However, the board of aldermen shall not reduce the compensation of any elected official during the term for which he is elected.[3]
It thus appears Lutcher's board of aldermen was statutorily-cast with the responsibility of fixing Ms. Walker's compensation (which may have and, in fact, appears to have included "medical benefits"). But without benefit of having at our disposal the ordinance which defined the term and fixed the value of Ms. Walker's compensation (pertinently, the duration of the city's responsibility to provide her with ancillary medical benefits), we are unable to provide you with a definitive response to your second inquiry. And we do not wish to speculate. Accordingly, we would defer to Lutcher's board of aldermen. However, we would be inclined to suggest that, based upon basic principles of compensation, she is not entitled to the benefits described by you in your letter. *Page 4 
If we may be of further assistance, please do not hesitate to contact the undersigned.
 Yours very truly, CHARLES C. FOTI, JR. ATTORNEY GENERAL
 By:___________________ DAVID A. YOUNG Assistant Attorney General
 CCF, JR:DAY:jv
[1] See LA.REV.STAT. § 33:404(A)(3). The board must approve any appointment or removal of the town's clerk.
[2] LA.REV.STAT. § 33:386.
[3] LA.REV.STAT. § 33:404.1.